No. 44559.—Protest 877936–G of Butler Bros. (Baltimore).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Butler Bros.* v. *United States* (4 Cust. Ct. 120, C. D. 303) the Rockinghamware in question was held dutiable at 25 percent under paragraph 210 as claimed.

No. 44560.—Protests 834776–G, etc., of A. L. Tuska Son & Co. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Butler Bros.* v. *United States* (4 Cust. Ct. 120, C. D. 303) the Rockinghamware in question was held dutiable at 25 percent under paragraph 210 as claimed.

No. 44561.—Protests 39764–K, etc., of Canada Packers, Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

No. 44562.—Protests 33716–K, etc., of Baltic Trading Co., Ltd., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

No. 44563.—Protests 24307–K, etc., of Dal, Inc., et al. (New York.)

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

No. 44564.—Protests 19765–K, etc., of J. S. Hoffman Co., Inc. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.